UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Sullivan,<br><br>  Plaintiff,<br><br>vs.<br><br>Enhanced Recovery Company, LLC, *a foreign limited liability company*,<br><br>  Defendant. | Civil File No: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Michael Sullivan ("Sullivan" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Enhanced Recovery Company, LLC ("ERC" or "Defendant"), is a foreign limited liability company that operates as a debt collection agency from an

address of 8014 Bayberry Road, Jacksonville, Florida 32256. ERC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with Capital One Finance, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before June 2012.

9. On or about June 18, 2012, ERC sent a letter directly to Plaintiff in an attempt to collect a debt and in connection with the collection of a debt. *See* Exhibit 1.

10. Based upon information and belief, the letter dated June 18, 2012 was the first written communication that ERC sent to Plaintiff.

11. In the letter dated June 18, 2012, ERC wrote the following:

> Capital One Services, LLC has evaluated your account and may send your account to an attorney in your state to initiate suit unless payment arrangements are made on your account or the debt is *disputed in writing with our office within 30 days of the date of this correspondence*.

See Exhibit 1 (emphasis added).

12. ERC violated 15 U.S.C. § 1692g(3) because ERC required Plaintiff to dispute the debt in writing.

13. ERC violated 15 U.S.C. § 1692g(4) because ERC required Plaintiff to dispute the debt within thirty days of the date of the letter.

14. ERC violated 15 U.S.C. § 1692g because ERC contradicted and overshadowed Plaintiff's validation rights when ERC required that Plaintiff dispute the debt in writing within thirty days of the date of the letter.

15. On or about August 31, 2012, Plaintiff's attorney sent a letter to ERC to notify ERC that Plaintiff was represented by an attorney.  *See* Exhibit 2.

16. ERC received the letter from Plaintiff's attorney on September 10, 2012.  *See* Exhibit 3.

17. On or about October 2, 2012, ERC wrote directly to Plaintiff in an attempt to collect a debt and in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692b(6) and 1692c(a)(2) because ERC communicated with Plaintiff when ERC had actual knowledge that Plaintiff was represented by an attorney.

18. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by ERC.

19. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of ERC's acts and omissions.

### *Respondeat Superior Liability*

20. The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space

limits of the employee(s) agency relationship with the employee(s) principal, ERC.

21. The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities this/these agent(s) was/were authorized to perform by ERC in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, Defendant's employee(s) was/were motivated to benefit the employee(s) principal, ERC.

23. Defendant ERC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA in the employee(s) attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

25. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

4

26. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

27. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

29. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may be just and proper.

Dated:  February 12, 2013.  **MARSO AND MICHELSON, P.A.**

By: s/Patrick L. Hayes
Patrick L. Hayes (0389869)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com